```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>Lonnie Rutledge</u>

    v.　　　　　　　　　　　　　　Civil No. 17-cv-110-JD
　　　　　　　　　　　　　　　　　　　Opinion No. 2018 DNH 015
<u>Elliot Health System</u>
<u>and Elliot Hospital</u>


O R D E R

Lonnie Rutledge brings claims against her former employer, Elliot Health System and Elliot Hospital, for age discrimination and wrongful termination. She filed a motion for an expedited order to compel the defendants to produce "(a) relevant discovery related to the Elliot Hospital Exceptional Beginnings program, and (b) the complete chart of the patient whose care at the Elliot Hospital on May 22, 2014, was the basis for the explanation by the Hospital of the reason for terminating Ms. Rutledge's [sic]." The defendants object.

In support, Rutledge states that Elliot Hospital "has produced some documents related to both categories of the documents" that she seeks to compel, but not all of the documents she needs. In her motion, Rutledge did not identify the specific request for production and the defendants' response that were the subject of her motion to compel. LR 37.1. In their objection, the defendants represent that their responses

to Rutledge's third set of requests for production were not yet due when Rutledge filed her motion to compel and that Rutledge's counsel did not confer in good faith with the defendants' counsel before filing the motion to compel.[1]

Rutledge states in her reply that she is seeking to compel responses to two requests that were sent in her first set of requests for production of documents.[2] The defendants provided their responses to those requests on November 7, 2017. Rutledge did not move to compel until December 28, 2017, and then sought an expedited order in order to accommodate her deposition schedule.[3] Had Rutledge's counsel addressed these issues in a more prompt fashion, her current scheduling problems might have been avoided.

Rutledge states that she asked for the following documents in Request Number 8:

> The investigation into the events of May 22, 2014, and the decision to terminate the employment of Lonnie Rutledge,

---

[1] Rutledge's counsel did not comply with Federal Rule of Civil Procedure 37(a)(1) that requires a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosures or discovery in an effort to obtain it without court action."

[2] Rutledge first filed a motion for leave to file a reply, as required under LR 7.1(e)(2). Then, before the deadline for the defendants' response, Rutledge filed the reply. For that reason, the reply is not properly before the court.

[3] In addition, by the time the motion was filed, the defendants' counsel apparently had left on a family vacation.

> including but not limited to the investigation and meeting associated with the EB Quality Board.

The response quoted by Rutledge is: "'Elliot objects to Request No. 3 on the basis of RSA 151:13-a.'"

RSA 151:13-a "protects the activities of any hospital committee . . . 'organized to evaluate matters relating to the care and treatment of patients or to reduce morbidity and mortality.'" Newland v. N. Country Healthcare, Inc., 2017 WL 6397723, at *2 (D.N.H. Dec. 14, 2017) (quoting In re K, 132 N.H. 4, 12-13 (1989)). Rutledge relies generally on Smith v. Alice Peck Day Mem. Hosp., 148 F.R.D. 51 (D.N.H. 1993), without analysis. In Smith, the court interpreted the application of the protection provided by RSA 151:13-a and the exception provided by RSA 151:13-a, II(a) for proceedings to revoke physician's hospital privileges. The court concluded that the protection provided under RSA 151:13-a did not bar discovery in federal court for physician revocation cases. Id. 148 F.R.D. at 54-56.

In Request Number 8, Rutledge asked for the following: "'All records relating to care provided to the patient involved in the May 22, 2014, incident (reference Wellde testimony, at page 80).'" The response was: "'Elliott objects to providing any records related to the care of the patient as this is

protected health information under HIPPA [sic].'"[4] Rutledge states in her reply that while she "appreciates HIPAA regulatory concerns about confidentiality of patient information, . . . redaction of the patient's identity from the records should satisfy those concerns." In support, Rutledge cites 45 C.F.R. §§ 160.103 and 164.512(e), along with cases applying those regulations.

HIPAA protects the confidentiality of patients' health-related information. Sneed v. Pan Am. Hosp., 370 Fed. Appx. 47, 50 (11th Cir. 2010); Rodriguez v. City of Brunswick, 2017 WL 5598217, at *4 (D.N.J. Nov. 21, 2017). Applicable regulations, however, allow disclosures of otherwise protected information in certain circumstances. Northwestern Mem. Hosp. v. Ashcroft, 362 F.3d 923, 924-25 (7th Cir. 2004 (discussing § 164.512(e)). Section 164.512(e) "create[s] a procedure for obtaining authority to use medical records in litigation." Id. at 926. While patient consent is one means for allowing disclosure, health care providers may also disclose patient health information in response to a discovery request or a court order. § 164.512(e)(1).

It is far from clear that RSA 151:13-a would protect the records requested in Request Number 3. Under § 164.512(e), the

---

[4] Elliot intended to reference the Health Insurance Portability and Accountability Act ("HIPAA").

4

complete patient chart requested in Request Number 8 may be disclosed when certain procedures are satisfied. Because Rutledge failed to comply with Rule 37(a)(1), however, these matters are not properly before the court.

## Conclusion

For the foregoing reasons, the plaintiff's motion to compel (document no. 22) is denied without prejudice.

Counsel are ordered to confer to determine whether and how the documents in Request Number 3 and Request Number 8 can be produced. The court expects counsel to engage in good faith efforts to resolve these matters without further involvement of the court. In the event counsel should determine that a court order is required for disclosure of any of the requested documents, an appropriate motion or assented-to motion shall be filed with a detailed statement of the legal grounds that support the requested relief.

In any future motion practice, counsel are directed to comply fully with the local rules in this district and the Federal Rules of Civil Procedure.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

January 17, 2018

cc: Debra Weiss Ford, Esq.
    Samuel V. Maxwell, Esq.
    Leslie C. Nixon, Esq.
    David P. Slawsky, Esq.
    Martha Van Oot, Esq.