UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Lonnie Rutledge</u>

        v.                              Civil No. 17-cv-110-JD
                                        Opinion No. 2018 DNH 031
<u>Elliot Health System and</u>
<u>Elliot Hospital</u>


<u>O R D E R</u>

        Lonnie Rutledge brings claims against her former employer,
Elliot Health System and Elliot Hospital, for age discrimination
and wrongful termination.  The defendants move to compel
Rutledge to provide more complete answers to certain
interrogatories and to execute authorizations to allow them to
obtain her medical and psychotherapy records.  In response,
Rutledge objects to producing her psychotherapy and
authorizations for those records, and in her "Reply Memorandum,"
filed separately, objects to providing more complete answers.


<u>Standard of Review</u>

        "Parties may obtain discovery regarding any nonprivileged
matter that is relevant to any party's claim or defense and
proportional to the needs of the case . . . ."  Fed. R. Civ. P.
26(b)(1).  When disputes arise, a party may move to compel
discovery, after first attempting in good faith to resolve the

problem without court action.  Fed. R. Civ. P. 37(a).
Initially, the party moving to compel bears the burden of
showing that the discovery it seeks is relevant.  Koninklijke
Philips N.V. v. Wangs Alliance Corp., 2018 WL 283893, at *1 (D.
Mass. Jan. 2, 2018) (citing Continental Western Ins. Co. v.
Opechee Constr. Corp., 2016 WL 1642626, at *1 (D.N.H. Apr. 25,
2016)).  If that burden is met, "the objecting party bears the
burden of showing that a discovery request is improper."
Continental Western, 2016 WL 1642626, at *1.

A.  Interrogatory Concerning Allegations That Others Were Forced
    Out Because of Age or Salary

    In their motion, the defendants sought a more complete
answer to the following interrogatory propounded on June 1,
2017:

    5.  Please state in detail and with particularity all
    facts on which you base your allegations as set forth
    in Paragraph 6 of your Complaint that you witnessed a
    pattern of Defendant allegedly "forcing out or
    terminating many of the most senior nurses whose
    salary and benefit packages were at or near the
    highest levels of salary and benefits available at the
    hospital, and they were routinely replaced, if at all,
    by younger nurses," identifying as set forth in the
    Instructions and Definitions section above all
    evidence (documentary or testimonial) that supports
    your claims.

Rutledge responded that "[t]here were many instances in which
senior nurses were treated badly or unfairly, and where
preference was given to the younger nurses."  Rutledge then

2

listed seven instances that she believed supported her claim. The defendants represent that Rutledge responded to supplemental interrogatories on December 5, 2017, which included additional information pertaining to Interrogatory 5.

The defendants contend that Rutledge's answers to Interrogatory 5 are insufficient because she "failed to provide the date(s) the incidents occurred, the source(s) of the information set forth in each example, whether she observed the event, heard about the event from another employee and/or received documents regarding the event, and did not identify the basis for her conclusions that the discipline was imposed by the Elliot for the reasons stated in her response." Rutledge did not respond in her objection to that part of the motion to compel.

The defendants pointed out in their proposed reply (attached to their motion for leave to file a reply) that Rutledge had failed to respond to the motion to compel a more complete answer to Interrogatory 5. Rutledge then filed a "Reply Memorandum" in which she explained her lack of additional information in her responses to Interrogatory 5. Rutledge's "Reply Memorandum" might be construed as an anticipatory request to file a surreply, see Local Rule 7.1(e)(3). In essence, Rutledge represents that she has provided all the information

she knows about the incidents that she listed to support her claim in paragraph 6 of her complaint.

The court cannot compel a party to provide information that does not exist.  See Moulton v. Bane, 2015 WL 12990224, at *2 (D.N.H. Nov. 10, 2015).  Because Rutledge represents that she does not have the information that the defendants seek, however, she will not be allowed to use or present such information in support of her claims.[1]  Rutledge is limited to the answers she has provided, which may or may not constitute competent evidence for purposes of summary judgment and trial.

B.  Discovery of Psychotherapy Records

The defendants move to compel Rutledge to provide signed authorizations for them to obtain her psychotherapy records, which were requested in two interrogatories propounded on June 1, 2017.  In her supplementary response to the interrogatories, Rutledge asserted that her psychotherapy records were not subject to discovery, based on Desclos v. S. N.H. Med. Ctr., 153 N.H. 607, 613 (2006).  The defendants contend that Rutledge has waived the privilege for her psychotherapy records by making a

---

[1] To the extent Rutledge faults the defendants for failing to ask her follow up questions on these topics during her deposition, she has not shown that a party waives the right to compel a response to an interrogatory by not including the same question during a deposition.

claim for emotional distress and that under <u>Desclos</u> she is required to produce the records.

In her responses to the motion to compel, Rutledge clarified her claims for emotional distress.  She explains that she does not claim that her termination caused her to have colon cancer but instead claims that her suffering due to losing her job was made worse because she had colon cancer.  She also asserts that a jury can assess the emotional distress she suffered because of losing her job without the need for expert testimony.

In light of that clarification, along with the defendants' related assumption that Rutledge is not claiming emotional distress beyond "garden variety" or "generic mental suffering," the defendants represent that they will not pursue authorizations for Rutledge's psychotherapy records.  They also state that they will move in limine to preclude Rutledge from making any reference at trial to her treatment for cancer.

Rutledge brings a federal claim for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623 with a claim for age discrimination under RSA Chapter 354-A.  She also alleges wrongful termination under New Hampshire law.  Federal law provides the rule for a claim of privilege for a federal claim, while "state law governs privilege regarding a

claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501.  Therefore, this case implicates both federal and state law with regard to the application of a psychotherapist-patient privilege.  See, e.g., Wamala v. City of Nashua, 2010 WL 3746008, at *5 (D.N.H. Sept. 2010); Saalfrank v. Town of Alton, 2009 WL 3578459, at *5, n.7 (D.N.H. Oct. 27, 2009).

Under federal law, confidential communications made to licensed providers in the course of psychotherapy are privileged.  Jaffee v. Redmond, 518 U.S. 1, 15 (1996).  Like the state privilege addressed in Desclos, the federal privilege can be waived.  See, e.g., Gunzinger v. John Lucas Tree Experts Co., 2017 WL 5340370, at *4-*6 (D. Me. Nov. 12, 2017); Silvestri v. Smith, 2016 WL 778358, at *3-*4 (D. Mass. Feb. 26, 2016); Cabot v. Lewis, 2015 WL 13648107, at *1-*2 (D. Mass. July 8, 2015). Courts disagree, however, about what constitutes waiver of the federal privilege.  See, e.g., United States v. Lara, 850 F.3d 686, 690 (4th Cir. 2017) (describing knowing and voluntary waiver); Maday v. Public Libraries of Saginaw, 480 F.3d 815, 821 (6th Cir. 2007) (putting emotional state at issue waives the privilege by implication); United States v. Bolander, 722 F.3d 199, 222-23 (4th Cir. 2013) (describing waiver by conduct);

United States v. Ghane, 673 F.3d 771, 786-87 (8th Cir. 2012) (waiver by consent form given by a psychotherapist not valid); Fisher v. Southwestern Bell Tel. Co., 361 Fed. Appx. 974, 978 (10th Cir. 2010) (placing mental condition at issue waives privilege; Morgan v. Spivey, 2017 WL 6210896, at *4 (E.D.N.C. Dec. 8, 2017) (explaining circumstances of waiver under Fourth Circuit precedent); Marsteller v. Butterfield 8 Stamford LLC, 2017 WL 5769903, at *2-*3 (D. Conn. Nov. 27, 2017) (waiver occurs when plaintiff puts mental condition at issue).

In this case, it is not clear whether the psychotherapist-patient privilege is still an issue, and if so, whether Rutledge has shown that her records are protected under both the state and federal privileges. To avoid making an unnecessary determination of the application of the privileges in uncertain circumstances, the court directs counsel to confer in order to determine whether an issue remains as to the need for authorizations for Rutledge's psychotherapy records. Any further issues may be addressed in an appropriate motion that thoroughly addresses the privilege issues in the context of specifically disputed discovery.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to compel (document no. 21) is denied without prejudice.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
United States District Judge


February 13, 2018

cc:   Debra Weiss Ford, Esq.
      Samuel V. Maxwell, Esq.
      Leslie C. Nixon, Esq.
      David P. Slawsky, Esq.
      Martha Van Oot, Esq.