UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lonnie Rutledge

    v.                                  Civil No. 17-cv-110-JD
                                      Opinion No. 2018 DNH 062

Elliot Health System
and Elliot Hospital


O R D E R

Lonnie Rutledge brings claims against her former employer, Elliot Health System and Elliot Hospital, for age discrimination and wrongful termination. The defendants moved for summary judgment on the grounds that Rutledge cannot prove her claims. Rutledge objected to summary judgment as to her claim of age discrimination, Count I, but did not contest summary judgment as to her wrongful termination claim, Count II.

As a fallback position, Rutledge also asked the court to defer ruling on the motion, if her objection were deemed to be insufficient to avoid summary judgment. She argues that the parties' discovery disputes have delayed production of some material information and delayed the deposition of an important nonparty witness. The defendants object to deferring the ruling on summary judgment.

    A.    Relief under Rule 56(d)

Rule 56(d) provides a means for the nonmoving party to avoid summary judgment when that party "cannot present facts

essential to justify its opposition." As such, Rule 56(d), "protects a litigant who justifiably needs additional time to respond in an effective manner to a summary judgment motion." In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 (1st Cir. 2014) (internal quotation marks omitted). A party requesting relief under Rule 56(d) must show by affidavit or declaration the reasons that she cannot present facts essential to summary judgment. Fed. R. Civ. P. 56(d).

Rutledge argues both that the defendants are not entitled to summary judgment, based on the existing facts, and that she needs additional discovery to effectively oppose summary judgment. Rutledge's counsel provided his affidavit in which he represents that the patient chart and information about the Exceptional Beginnings Quality Review Committee investigation, which were addressed in Rutledge's motion to compel, are necessary to oppose the motion. Counsel also states that the patient chart is a necessary predicate for a deposition of a nurse midwife who was involved in the patient's care. Counsel contends that the cited information is relevant to the issue of whether the defendants' reason for terminating Rutledge was pretext for age discrimination.

In their reply, the defendants argue that Rule 56(d) does not provide relief here because Rutledge caused the delay in obtaining the patient chart and the deposition of the nurse

midwife, identified as Christine Isabella. The defendants note that discovery closed on February 1 and that Rutledge has not moved to extend the discovery deadline, which has now passed. The defendants also argue that the deposition of Isabella would not provide any material information.

Rutledge's contradictory positions, objecting to summary judgment based on disputed material facts and at the same time seeking to defer a ruling, might be construed to undermine her asserted grounds for deferral. See Morse v. TBC Retail Gr., Inc., 2013 WL 6730107, at *2 (D.N.H. Dec. 19, 2013) (citing C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44 (1st Cir. 1998), and noting that "absent unusual circumstances, a party cannot object (on substantive grounds) to a pending motion for summary judgment, while also seeking time for additional discovery if that objection proves unavailing"). Nevertheless, courts are expected to apply Rule 56(d) "generously, holding parties to the rule's spirit rather than its letter." In re PHC, Inc., 762 F.3d at 143 (internal quotation marks omitted). Courts in this circuit are directed to "refrain from entertaining summary judgment motions until after the parties have had a sufficient opportunity to conduct necessary discovery." Velex v. Awning Windows, Inc., 375 F.3d 35, 39 (1st Cir. 2009). That is because "when a party moves for summary judgment, the opposing party must be afforded a fair chance to

3

obtain and synthesize available information before being required to file an opposition." Id.

The parties in this case have been embroiled in prolonged discovery disputes that have generated three motions to compel. On March 7, the same day that Rutledge filed her objection to the motion for summary judgment, the court granted in part and denied in part the third motion to compel. The parties were ordered to file a motion for a protective order that would allow the defendants to produce the requested patient chart. The defendants were ordered to produce the Committee's records of its investigation into Rutledge's actions and patient care on May 22, 2014. Rutledge's request to compel the defendants to make and produce summaries of information from the Committee's records was denied.

Pursuant to the protective order and the court's March 7 order, Rutledge has or will soon have the patient chart and the Committee records, which counsel represents are necessary for purposes of opposing summary judgment. For that reason, Rutledge is granted relief under Rule 56(d).

B. Schedule

Under the current scheduling order, discovery closed on February 1, 2018. The deadline for dispositive motions was February 5, 2018. The trial is scheduled for the period beginning on June 5, 2018.

4

Rutledge has not moved to modify the scheduling order to extend any deadlines, although counsel acknowledges that the delay he requests may cause the trial date to be continued. See Fed. R. Civ. P. 16(b)(4). To allow time for Rutledge and the defendants to address any issues raised by the additional discovery that the court ordered the defendants to produce in the order of March 7, the pending motion for summary judgment will be granted in part, and denied in part without prejudice to filing a second motion for summary judgment as provided below.

                          Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 32) is granted as to Count II, wrongful termination, and is otherwise denied without prejudice.

The defendants may file a second motion for summary judgment **on or before April 9, 2018.**

If a second motion for summary judgment is filed, the trial will be rescheduled for the trial period beginning **on September 5, 2018,** to allow sufficient time to address the motion and for mediation if the motion is denied.

SO ORDERED.

                              _____
                              Joseph A. DiClerico, Jr.
                              United States District Judge

March 20, 2018

cc: Debra Weiss Ford, Esq.
    Samuel V. Maxwell, Esq.
    Leslie C. Nixon, Esq.
    David P. Slawsky, Esq.
    Martha Van Oot, Esq.